# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

ROSS B. SQUIRES v. ROSS.A. GAMBLE and Others.[1]

June 21, 1901.

Nos. 12,598—(161).[2]

**Refusal to Charge Jury.**

Evidence considered, and *held*, that upon a proper issue presented by the pleadings, and upon which testimony was received without objection, the refusal of the trial court to give an appropriate instruction applicable thereto was error.

Appeal by defendants from an order of the district court for Hennepin county, Harrison, J., denying a motion for a new trial. Reversed.

*Harlan P. Roberts*, for appellants.

*William W. Bartlett*, for respondent.

LOVELY, J.

This action was brought to recover the balance due on three car loads of apples alleged to have been sold to defendants, commission men, in the fall of 1899, by the plaintiff, who was a produce dealer at Rockford, Michigan. The apples were shipped to defendants, who refused to receive them. Plaintiff then made sale of the apples at the best price possible. This suit is for the deficiency between the contract price and the amount obtained by the sale of the apples. Defendants pleaded that the purchase

---

[1] Reported in 86 N. W. 616.  [2] See note on page iv, supra.

84 M.—1

was made through an agent; that plaintiff represented that the apples were of a superior quality to those furnished; that apples of a better quality than those shipped were pointed out to its agent, and fraudulent representations made to the effect that all the apples purchased were of the same character and grade; also as a separate defense, that it was

"Expressly agreed that the apples so purchased by the defendants from the plaintiff were to be of the grade commonly known as 'No. 1' apples, with a very few 'No. 2's' among them."

It was further agreed that the same should be delivered on board the cars as soon as cars could be obtained; also that when the cars were obtained defendants would cause the apples to be sold by said plaintiff to the defendants

"To be inspected, and thereupon the same should be paid for by the defendants, if the same were such as were purchased by said defendants."

This allegation was put in issue by reply. The case was tried to a jury, who found in favor of plaintiff for the sum of $715.91. Upon a settled case containing the evidence, motion was made for a new trial, which was denied, from which order defendants appeal to this court.

We have not thought it essential to set forth the issues in the pleadings further than necessary to dispose of the contention which controls our action on this appeal. Upon the issues raised by that portion of defendants' answer in reference to the right to a final inspection, defendants' counsel, at the proper time, requested the court to instruct the jury as follows:

"If you find from the evidence that, at the time of the purchase of apples in controversy by the agent of the defendants, there was an express agreement that there should be another inspection before the apples were accepted and paid for, then your verdict will be for the defendants."

This instruction was refused, to which refusal defendants duly excepted, and the court nowhere in its charge recognized the right of the defendants to try the question of defendants' reservation of a right to further inspect and examine the apples at the time of

shipment, although it had previously stated in its charge that such an issue was in the case, but disposed of that question as if the sale had been concluded when the first negotiations for the purchase of the apples between plaintiff and defendants' agent took place, which was at the time previous to the loading of the same on the cars at Rockford. A review of the evidence leads us to the conclusion that the court erred in refusing to give the instruction referred to for defendants. By the concession of both parties, the apples were to be shipped from Rockford to Minneapolis f. o. b. as soon as cars could be obtained; but the agent of defendants who made this agreement testified, without objection, that as soon as cars were obtained he was to be notified, and was to have an opportunity to inspect the apples, and if they were all right he would pay for them. He was subjected to a rigid cross-examination, but nowhere withdrew or denied this statement.

Counsel for plaintiff insists that this statement was unreasonable, improbable, and so clearly against the weight of evidence that the court below was justified in withholding from the jury the question of defendants' right to inspect the apples on the cars at the time of shipment and before payment. This issue, which was made by the pleadings, was clearly for the jury. The instruction asked for was appropriate to such issue; hence the declination of the court to give it was error, and prejudicial, for which a new trial must be granted. As the decision of this question disposes of this appeal, it is not necessary to consider other assignments of error.

Order reversed.